## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                 **Plaintiff,**<br><br>   vs.<br><br>**RONALD E. DORN,**<br><br>                **Defendant.** | **8:18CR75**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on the Defendant's letter of May 16, 2020, filed as a Motion for Compassionate Release, ECF No. 59.

      Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

      Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i)    extraordinary and compelling reasons warrant such a reduction;
>
>         . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

With the Defendant's Motion, he attached a copy of a letter to his Warden, dated May 1, 2020, in which he sought compassionate release. The Defendant noted that he is diabetic, and he has high blood pressure, sleep apnea, morbid obesity, and high blood pressure. He expressed concern about his health, if he were to be exposed to the coronavirus in a correctional facility. The Defendant did not attach or make any reference to a response from the Warden, or any other efforts to exhaust his administrative remedies.

Because the letter the Defendant submitted to the Warden was dated May 1, 2020, and the Defendant's letter to the Court, filed as a Motion, was dated May 16, 2020, and filed on May 26, 2020, the Court cannot infer that the Defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A).

Accordingly,

IT IS ORDERED:

1. The Defendant's letter of May 1, 2020, filed as a Motion for Compassionate Release, ECF No. 59, is denied without prejudice to resubmission following exhaustion of administrative remedies; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 1st day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge