# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **8:18CR75** |
| vs. | |
| **RONALD E. DORN,** | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 61.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;
        . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Defendant asserts that he submitted a letter to his Warden, dated May 1, 2020, in which he sought compassionate release, and the Defendant received no response as of the date of his Motion, mailed June 19, 2020. The Defendant also asserts that he is diabetic and suffers from high blood pressure, sleep apnea, and morbid obesity. He expresses concern about potential exposure to the coronavirus in a correctional facility.

The Defendant was sentenced on January 28, 2019, to terms of imprisonment totaling ten years, followed by four years of supervised released.[1] Even if the Court accepts as true the Defendant's assertions regarding his health conditions and the exhaustion of his administrative remedies, the factors the Court must consider under 18 U.S.C. § 3553(a) preclude an order of compassionate release under 18 U.S.C. § 3582(c)(1)(A). The nature and circumstances of the Defendant's offenses; the need for the sentences imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; the need for the sentences imposed to afford adequate deterrence to criminal conduct; and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, all weigh against a reduction of the Defendant's sentences under 18 U.S.C. § 3582(c)(1)(A).

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Compassionate Release, ECF No. 61, is denied; and

---

[1] Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846, and Use of a Firearm in furtherance of the drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 29th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge