IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-75 |
| vs. | |
| RONALD DORN, | ORDER ON MOTION TO APPOINT COUNSEL |
| Defendant. | |

This matter is before the Court on Defendant Ronald Dorn's Motion to Appoint Counsel. Filing 63. In his Motion, Dorn states that he wants the Court to appoint him counsel to assist him in filing a motion regarding time credit issues under the First Step Act, his ability to participate in a program, and the "related issues of the return of [his] guns." Filing 63 at 1. Dorn has not yet filed a motion regarding these issues.

"There is no right to counsel in postconviction proceedings." *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019). A district court may appoint counsel in postconviction proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In exercising its discretion, the court 'should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors.'" *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (*Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)). At this time, without a motion before it, the Court is unable to determine if the interests of justice require appointing Dorn counsel. It is not altogether clear to the Court what Dorn intends to request in his postconviction motion. Accordingly,

IT IS ORDERED that Defendant Ronald Dorn's Motion to Appoint Counsel, Filing 63, is denied.

1

Dated this 22nd day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge